UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SOCIETY OF ANESTHESIOLOGISTS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. |
| BEVMD, LLC, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, the American Society of Anesthesiologists® or the ASA® ("ASA®"), for its Complaint against Defendant, BevMD, LLC, alleges and states:

### NATURE OF ACTION AND RELIEF SOUGHT

1. The ASA® is a not-for-profit association of physicians created to raise and maintain the standards of the medical practice of anesthesiology and to improve the care of patients. In addition to other services aimed at increasing patient safety, the ASA® publishes preoperative fasting guidelines. These guidelines are intended to help protect patients undergoing surgical procedures.

2. Defendant is a for-profit company in the business of marketing and selling beverages promoted for medical purposes.

3. One of Defendant's products is known as Clearfast® ("Clearfast"). In its advertising and promotion of Clearfast, Defendant has and continues to make false statements and representations regarding the ASA® and has and continues to infringe upon the ASA®'s federally registered trademarks.

4.  The ASA® brings this action seeking monetary relief and to enjoin Defendant from making these false representations about the ASA® and from injuring the ASA®'s goodwill and diluting the quality of the ASA®'s trademarks.

**PARTIES**

A.  Plaintiff ASA®

5.  The ASA® is a New York Not-For-Profit Corporation and has its principal place of business in Schaumburg, Illinois.

6.  The ASA® is an educational research and scientific association of physicians organized to raise and maintain the standards of the medical practice of anesthesiology and improve the care of patients.

7.  Since its founding in 1905, the ASA® has been one of the foremost advocates for patients who require anesthesia or relief from pain.

8.  As an unbiased, science-based, research and advocacy organization, the ASA® does not endorse or promote any commercial product.

B.  Defendant BevMD

9.  Defendant, BevMD, LLC, is a Delaware Limited Liability Company and has its principal place of business in Cardiff, California.

10. Defendant is a for-profit company that markets and sells beverages for pre- and post-operative patient care.

11. Defendant advertises and promotes its products to physicians and their patients for medical purposes, including preoperative hydration and nutrition.

12. One of the products that Defendant markets and sells is known as Clearfast. Defendant advertises, promotes, and sells Clearfast in this judicial district and throughout the United States as a beverage for patients to consume prior to having surgery.

**JURISDICTION AND VENUE**

13. Defendant conducts regular and substantial business in the State of Illinois, and in the Northern District of Illinois through the marketing and sale of Clearfast.

14. This Court has personal jurisdiction over Defendant because it is doing business within this judicial district and because it has caused harm to the ASA® in this judicial district.

15. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to Section 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); Illinois statutory law, 815 ILCS 510/2; and the common law.

16. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**ALLEGATIONS COMMON TO ALL COUNTS**

A. <u>The ASA®'s Trademarks</u>

18. The ASA® is the owner of U.S. Trademark Registration 3,692,276 for "ASA" for use with, among other things: publications, namely, brochures, professional journals, newsletters, pamphlets, in the field of the medical practice of anesthesiology including pain management and critical care medicine (the "ASA® mark").

19. The ASA® mark is the subject of U.S. Trademark Registration Number 3,692,276 in the United States Patent and Trademark Office, dated October 6, 2009. A copy of United States Patent and Trademark Registration No. 3,692,276 is attached as **Exhibit A**.

20. United States Trademark Registration Number 3,692,276 remains in full force and effect and has become incontestable.

21. The ASA® is also the owner of U.S. Trademark Registration 3,760,149 for "American Society of Anesthesiologists" for use with, among other things: publications, namely, brochures, professional journals, newsletters, pamphlets, in the field of the medical practice of anesthesiology including pain management and critical care medicine (the "American Society of Anesthesiologists® mark").

22. The American Society of Anesthesiologists® mark is the subject of U.S. Trademark Registration Number 3,760,149 in the United States Patent and Trademark Office, dated March 16, 2010. A copy of United States Patent and Trademark Registration No. 3,760,149 is attached as **Exhibit B**.

23. United States Trademark Registration Number 3,760,149 remains in full force and effect and has become incontestable.

24. Since at least as early as 1945 and 1947 respectively, the ASA® routinely and continuously has used the American Society of Anesthesiologists® mark and the ASA® mark (collectively, the "ASA® Marks") in interstate commerce in the United States to identify and distinguish itself from other anesthesiology groups and associations.

25. The ASA® has spent and continues to spend money using, advancing, promoting, and advertising the ASA® Marks. As a result of this investment, the ASA® Marks have attained substantial goodwill and prominence among anesthesiologists and other medical professionals.

26. The ASA® Marks and the goodwill of the business associated therewith are of substantial value to the ASA®.

B.  The ASA®'s Preoperative Guidelines

27. In furtherance of the ASA®'s purpose of improving patient safety, the ASA® created and published preoperative guidelines to the public for use by anesthesiologists. These guidelines recommend the period of time prior to surgery that a patient should not orally intake liquids or solids. These guidelines are intended to protect the safety of patients undergoing an elective procedure. The guidelines provide as follows:

| Ingested Material | Minimum Fasting Period |
|---|---|
| Clear liquids | 2 hours |
| Breast milk | 4 hours |
| Infant formula | 6 hours |
| Nonhuman milk | 6 hours |
| Light meal | 6 hours |

C.  Defendant's False Statements and Infringement of the ASA®'s Trademarks

28. Defendant advertises and promotes Clearfast as a preoperative beverage. Clearfast is further advertised and promoted as having been designed to help a patient prepare for surgery by clearing the patient's stomach, reducing pre-surgery hunger and thirst, and reducing residual gastric volume and acidity.

5

29. On Defendant's website, in connection with its advertising and promoting of Clearfast, Defendant makes multiple, material, misstatements of fact about the ASA®. These false and misleading statements are intended to induce physicians to recommend Clearfast and for their patients to purchase Clearfast.

**False Claims of ASA® "Seal of Compliance"**

30. On its website Defendant represents that Clearfast "**Meets American Society of Anesthesiologists' Preoperative Guidelines for Clear Liquids**" and has the "ASA (American Society of Anesthesiologists) seal of compliance." A true and correct copy of the webpage is attached as **Exhibit C**, a portion of which is depicted below:



31. Defendant also advertises and promotes Clearfast throughout the United States and within this district on other websites, including amazon.com and physiciansnewsnetwork.com. These websites are available to physicians and patients throughout the United States. Attached hereto as **Exhibits D** and **E** respectively are the descriptions of Clearfast on these websites.

6

32. On the Amazon and physiciansnewsnetwork websites, Defendant makes the false statement that Clearfast was granted the ASA®'s "seal of compliance."

33. An ASA® "seal of compliance" does not exist.

34. The ASA® has not granted Defendant or Clearfast the claimed "seal of compliance" and does not endorse Clearfast.

35. The ASA® has not given Defendant permission to state that Clearfast has the ASA®'s "seal of compliance" or the ASA®'s endorsement.

**False Claim of ASA® Endorsement**

36. Defendant also makes the false statement on its website that:

> In the interim, in 1999, the American Society of Anesthesiologists, (ASA), issued its first official fasting guidelines for healthy patients having elective surgery. Basically, it completely validated the Clearfast® patent with the endorsement of the "two hour clear liquid fast." Consequently, in an unprecedented action, the ASA allowed BevMD to declare, on its Clearfast® label, that it was in total compliance with those fasting guidelines!

A true and correct copy of the webpage is attached as **Exhibit F**.

37. The ASA® has not tested or validated Clearfast or any other commercial product.

38. The ASA® has not given Defendant permission to claim that Clearfast is in "total compliance" with the fasting guidelines.

39. The ASA® has not given Defendant permission to claim that Clearfast has been endorsed or validated by the ASA®.

**False Claim of ASA® Statement of Compliance**

40. In a Press Release on Defendant's website dated August 27, 2014, Defendant makes the false statement that "[t]he American Society of Anesthesiologists (ASA) granted Clearfast the distinction of stating on its label that it totally complies with its preoperative fasting guidelines." A true and correct copy of the webpage is attached as **Exhibit G**.

41. The ASA® has not tested or validated Clearfast to determine whether the product complies with the ASA® Fasting Guidelines.

42. The ASA® has not given Defendant permission to claim that Clearfast totally complies with the fasting guidelines.

**False Claim of ASA® Approval**

43. In another Press Release on Defendant's website dated May 22, 2014, Defendant makes the false statement that "Clearfast® is the first U.S. patented and American Society of Anesthesiologist approved pre-operative beverage designed and patented by anesthesiologist M. Lou Marsh, M.D." A true and correct copy of the webpage is attached as **Exhibit H**.

44. The ASA® has not "approved" of Clearfast.

45. The ASA® has not tested or validated Clearfast to determine whether the ASA® approves of Clearfast.

46. The ASA® has not given Defendant permission to claim that the ASA® approves of Clearfast.

**Defendant's Other False Claim**

47. Defendant's representations regarding the ASA® are not limited to its marketing of Clearfast. On its website, Defendant uses the ASA® Marks in a description of a purported clinical study on the enhanced recovery after surgery ("ERAS") program. A true and correct copy of this webpage is attached as **Exhibit I**.

48. The ASA® has not reviewed or endorsed this purported clinical study.

49. The ASA® has not given Defendant permission to use the ASA® Marks in any capacity as it relates to Defendant's ERAS clinical study.

D. Defendant's Conduct Is Willful

50. In or around 2008, Defendant contacted the ASA® to request that the ASA® endorse Clearfast as meeting the ASA®'s preoperative fasting guidelines.

51. The ASA® refused to endorse Clearfast because it does not provide commercial product endorsements.

52. Thereafter, Defendant advised the ASA® that it intended to claim in its advertisements that Clearfast "Meets the American Society of Anesthesiologists' Preoperative Fasting Guidelines for Clear Liquids."

53. The ASA® demanded that if Defendant references the ASA® in its advertisements and promotions that Defendant include a disclaimer clearly stating that either (a) "[t]his claim has not been evaluated by the American Society of Anesthesiologists, nor does it imply an endorsement of this product[]" or (b) "[t]he American Society of Anesthesiologists has not evaluated this claim nor endorsed this product." (hereafter, the "Disclaimer Language").

54. Defendant agreed to the ASA®'s demand and agreed that it would prominently and consistently apply the Disclaimer Language each and every time that it stated that Defendant's product met the ASA®'s Preoperative Fasting Guidelines.

55. However, Defendant did not consistently include the Disclaimer Language in its advertisements and promotions.

56. Defendant also began to falsely state in its advertisements and promotions that Clearfast has the "ASA (American Society of Anesthesiologists) seal of compliance."

57. The ASA® has demanded that Defendant cease and desist from making any claim that Clearfast had an ASA® "seal of compliance."

58. The ASA® also renewed its demand that Defendant include the Disclaimer Language whenever Defendant references the ASA® in its advertisements and promotions.

59. Through its counsel, Defendant has assured the ASA® that it would immediately and permanently cease the use of its false claim that Clearfast had an ASA® seal of compliance and that it would promptly contact that ASA® to discuss the use of the Disclaimer Language.

60. However, Defendant has not ceased the use of its false claim that Clearfast has an ASA® "seal of compliance" nor contacted the ASA® to discuss the requested disclaimer.

61. Defendant is infringing the ASA®'s rights and the ASA® Marks.

62. Defendant does not have the sponsorship, consent, approval, or certification of the ASA® to use the ASA® Marks or any confusingly similar marks or trade names in the United States or elsewhere.

63. As a result of the false and misleading use of its marks, the ASA® withdraws any and all limited or qualified permission that the ASA® had provided to Defendant to use or reference the ASA® Marks in connection with the sale or marketing of Clearfast or any of Defendant's other products.

E. <u>Defendant's Conduct Has Caused Damages and Injury</u>

64. Defendant's willful use of the ASA® Marks falsely creates the impression that the ASA® endorses, approves, and has tested Clearfast. This conduct constitutes willful trademark infringement and unfair competition.

65. Defendant's willful use of the ASA® Marks falsely creates the impression that the ASA® endorses and approves Defendant's ERAS Clinical Study. This conduct constitutes willful trademark infringement and unfair competition.

66. Defendant's unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Defendant's customers, its potential customers, and the public. Defendant's unauthorized use of the ASA® Marks creates the false impression of a connection, affiliation, association, sponsorship, or approval of, or between the ASA® and the Defendant.

67. Defendant's conduct has caused damage to the ASA®, and continues to cause irreparable injury and damage to the ASA®, that cannot be precisely determined, leaving the ASA® without an adequate remedy at law.

68. Defendant has been unjustly enriched by its infringing and unfair activities and the ASA® is entitled to an accounting for all of Defendant's profits derived from the infringing sales.

69. By reason of Defendant's activities, the ASA® has suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its trademark, and injury to its status as an unbiased scientific organization.

70. Because of Defendant's bad faith and intentional and willful infringement, unfair competition, and deceptive trade practices, the ASA® is entitled to recover punitive damages to deter Defendant from repeating its unlawful activities, as well as an award of the ASA®'s attorneys' fees and costs of this action.

## COUNT I

### Federal Trademark Infringement

71. The ASA® realleges and incorporates paragraphs 1 through 70 above, as if fully set forth in this paragraph.

72. Defendant's willful use of the ASA® Marks in commerce infringes the ASA®'s rights in its federally registered trademarks "ASA®" and "American Society of Anesthesiologists®" in violation of 15 U.S.C. § 1114(1).

73. By reason of Defendant's bad faith and willful infringement, the ASA® is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## **COUNT II**

### False Designation of Origin

74. The ASA® realleges and incorporates paragraphs 1 through 70 above, as if fully set forth in this paragraph.

75. Defendant's intentional and unlawful use in commerce of the ASA® Marks constitutes a false designation of origin, false description, and false representation that Defendant and its products and clinical studies are sponsored by, authorized by, approved by, or associated with the ASA®.

76. Defendant's willful actions are calculated to cause actual confusion and are likely to cause confusion or mistake among purchasers as to the true sponsorship, authorization, approval, or association of Defendant's products and clinical studies with the ASA® in violation of 15 U.S.C. § 1125(a).

77. The ASA® is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

**COUNT III**

Uniform Deceptive Trade Practices Act

78. The ASA® realleges and incorporates Paragraphs 1 through 70 above, as if fully set forth in this paragraph.

79. Defendant's use of the ASA® Marks in the marketing of its product, Clearfast constitutes a violation of 815 ILCS 510/2 in that it publicly represents that the ASA® has sponsored, approved, certified, or guaranteed that Clearfast is of a particular standard, quality, or grade; and causes a likelihood of confusion or misunderstanding as to the sponsorship, approval, or certification of Clearfast.

80. Defendant's use of the ASA® Marks in the marketing of its product, Clearfast further constitutes intentional and willful conduct.

81. As a result of Defendant's conduct, the ASA® has suffered irreparable harm for which there is no adequate remedy at law.

82. As a result of Defendant's conduct, the ASA® has also suffered actual damages.

**COUNT IV**

Common Law Trademark Infringement

83. The ASA® realleges and incorporates Paragraphs 1 through 70 above, as if fully set forth in this paragraph.

84. The ASA® used the ASA® mark and the American Society of Anesthesiologists® mark in connection with its services before Defendant's first use of the ASA® mark and the American Society of Anesthesiologists® mark.

85. Defendant's willful use of the the ASA® mark and the American Society of Anesthesiologists® mark in commerce without authorization in connection with its product Clearfast constitutes an infringement of the ASA®'s common law rights in the ASA® mark and the American Society of Anesthesiologists® mark.

**PRAYER FOR RELIEF**

**WHEREFORE**, the ASA® prays that this Court award the following relief:

1. A permanent injunction enjoining and restraining Defendant, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise from:

   a. Using the ASA® mark or the American Society of Anesthesiologists® mark or any other term confusingly similar thereto or a colorable imitation thereof anywhere in the United States in connection the marketing of its products,

   b. Representing by words or conduct that Defendant or its products are authorized, sponsored, endorsed, or otherwise connected with the ASA®, and

   c. Any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the Defendant's affiliation, connection or association with the ASA®.

2. An accounting and judgment against Defendant for (a) all profits received from the sale of the Clearfast brand product in the United States, (b) damages sustained by the ASA® on account of Defendant's trademark infringement, unfair competition, and false designation of

origin, (c) treble damages, where appropriate, and (d) punitive damages to deter such actions in the future;

3. The ASA®'s costs of this suit, including reasonable attorneys' fees, interest and expenses;

4. Pursuant to 15 U.S.C. § 1118, the destruction of all business cards, invoices, forms, advertisements, promotional materials, packaging, products or any other materials bearing the terms "ASA®" or the "American Society of Anesthesiologists®" or any other term infringing the ASA Marks; and

5. Grant the ASA® such other and further relief as it may deem just and proper and as is warranted by the evidence.

## JURY DEMAND

The ASA® demands a trial by jury on all issues in this case other than its request for injunctive relief.

Respectfully submitted,

AMERICAN SOCIETY OF ANESTHESIOLOGISTS

By:    /s/Paul Olszowka
       One of its Attorneys

Brian W. Lewis (ARDC No. 6190792)
Paul Olszowka (ARDC No. 6291267)
David E. Isaacson (ARDC No. 6313109)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313 – Phone
(312) 759-5646 – Fax

935298